Caruthees, J.,
delivered the ojnnion of the court.
The plaintiffs below, sued the plaintiff in error and Catron, as partners upon account for merchandize. The items constituting the amount are not given, but for them reference is made to bills rendered. At the foot of .the accounts thus stated, these words are written, *145 without more, “Catron & Ross, by G. W. Catron.” Catron made no defense, but Ross proposed to prove, that at the time the signing was done by Catron, that no patnership existed between them, and that Catron bad no authority to sign his name. This evidence was excluded by the court upon the ground that it could not be made without a plea of non est faet/um on oath. The broadest description of cases in which the defense by plea of non est factum, is required to be on oath, is contained in the act of 1819, ch. 27, § 4, and is in these words: “ When a plaintiff wishes to avail himself of the plea of non est factum, to any deed of record, defeasance or other acquittance, or a defendant to any bond, obligation, promissory note, bill of exchange, or other instrument of writing, for the payment of money or other valuable thing.” This case is certainly not embraced in this act, much less is it covered by the anterior acts of 1801, ch. 6, § 55; and 1817, ch. 86, § 2. It is not a “bond, obligation, promissory note, bill of exchange, or other instrument of writing, for the payment of money.” There is no writing above the signature, creating any obligation or promise, or undertaking of any kind. Nothing precedes the signature but a general account for merchandize, without setting forth the items. Then, if the case does not fall within some statute upon the subject, it is to be governed by-the general rules of pleading, and the defense can be made without any affidavit of its truth.
Eor this error in the circuit judge, without noticing other defects in the case, as presented by the record, which might be fatal, we reverse the judgment, and order that the cairse be remanded for a new trial.